**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0444-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

EARL JOHNSON,

      Defendant-Appellant.

_____

Submitted March 1, 2021 – Decided March 26, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 16-08-0654 and 17-09-0838.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Earl Johnson appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to counts in two separate indictments: second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b)(1), in the first; fourth-degree violation of regulatory provisions related to the purchase of a firearm, N.J.S.A. 2C:53-3(a) and N.J.S.A. 2C:39-10(a), and third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1), in the second. Pursuant to the negotiated plea and the requirements of the Graves Act, N.J.S.A. 2C:43-6(c), Judge Adam E. Jacobs sentenced defendant to an aggregate three-and-one-half-year term of imprisonment with the same period of parole ineligibility.

In a timely pro se PCR petition, defendant alleged plea counsel rendered ineffective assistance (IAC). He asserted that counsel never filed any motion to suppress evidence and never followed his instructions to investigate alleged forgery by police in obtaining a search warrant.[1] Appointed PCR counsel filed a brief explaining that as to the charges underlying the second indictment, police obtained consent to search the apartment of defendant's girlfriend, Tamara Byrd, who executed a consent form. In his brief, counsel alleged that Byrd had no

---

[1] Neither of the searches and seizures of evidence that resulted in the charges in the two indictments occurred pursuant to a search warrant.

authority to consent because she was not the owner or tenant of the premises, and her signature had been forged.

Judge Jacobs denied defendant's PCR petition, explaining his reasons in a comprehensive written decision. The judge appropriately stated the two-prong standard for evaluating IAC claims formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), which we briefly summarize.

To be successful on an IAC claim, a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). As to this prong, "there is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" State v. Castagna, 187 N.J. 293, 314 (2006) (quoting Strickland, 466 U.S. at 689).

Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. Judge Jacobs further explained that "[i]n the context of plea agreements," a defendant must not only demonstrate deficient

3

performance, but also "there is a reasonable probability that, but for counsel's errors, a defendant would not have pled guilty and would have insisted on going to trial." (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

Judge Jacobs found that plea counsel's performance was not deficient, noting she had "negotiated a very favorable plea bargain on behalf of defendant," who faced up to sixteen-and-one-half years of incarceration; the judge also observed that counsel negotiated a plea in which the State consented to the downgrading of the second-degree unlawful possession of a firearm charge to a third-degree offense, along with recommending the minimum period of parole ineligibility permitted by the Graves Act.

Regarding defendant's specific claim that plea counsel failed to investigate, Judge Jacobs concluded defendant "fail[ed] to describe . . . the nature of any investigation to be undertaken, nor what any such investigation might possibly have uncovered." See, e.g., State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding a PCR defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification" (citing R. 1:6-6)).

The judge noted defendant presented "no articulated basis" supporting his claim that plea counsel rendered deficient performance by not filing motions to suppress.[2] To have been successful on such a claim, defendant would also need to demonstrate the likelihood of success on the suppression motion in the Law Division. See, e.g., State v. Echols, 199 N.J. 344, 361 (2009) (recognizing that counsel's failure to raise a losing argument in the Law Division cannot evidence deficient performance for PCR purposes). Nothing in the trial or appellate records demonstrate the bona fides of such a motion had one been filed in the Law Division.

Before us, defendant first contends that because plea counsel "failed to perform the requisite investigation to support defendant's . . . search and seizure defense[,]" Judge Jacobs misapplied the law in concluding plea counsel's performance was not deficient. This argument is unsupported by anything other

---

[2] Judge Jacobs noted the "perhaps unfortunate" policy of the county prosecutor at the time "to escalate plea offers as a case progresses, particularly when motion practice is initiated by defense counsel." He noted that under those circumstances, the failure to file a motion to suppress "is not any indication of substandard performance[.]" We express no opinion about the plea bargain policy and its implications, if any, on an IAC claim. As already noted, defendant was offered an extremely lenient plea bargain, and as Judge Jacobs found, defendant freely admitted his guilt at the time of his guilty pleas and had not "advanced any claim or theory of innocence[.]"

A-0444-19

than unsworn, uncertified statements contained in PCR counsel's brief.[3] We affirm substantially for the reasons expressed by Judge Jacobs.

Defendant also argues for the first time on appeal that he "should be permitted to withdraw his plea bargain to correct a manifest injustice and to pursue motions to suppress as the assertion of same may have influenced the outcome." "For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Nevertheless, for reasons already stated, on this record, a claim that defendant's guilty pleas were not knowing and voluntary because he was denied the opportunity to file motions to suppress lacks any merit warranting discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Defendant's brief also cites his plea allocution as support for this proposition. That contains no facts supporting a viable motion to suppress.

A-0444-19